UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REKAL COMPANY, INC.,

    Plaintiff,
v.                                Case No. 8:13-cv-1433-T-33TGW

PGT INDUSTRIES, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant PGT Industries, Inc.'s Rule 11 Motion for Sanctions (Doc. # 51), which was filed August 19, 2013. Plaintiff Rekal Company, Inc., filed a Memorandum in Opposition (Doc. # 56) on August 29, 2013. For the reasons that follow, the Court denies the Motion for Sanctions.

**I.  Background**

Rekal initiated this action against PGT on May 24, 2013, in the United States District Court for the Middle District of Georgia. (Doc. # 1). That Court transferred the case to this Court on May 31, 2013. (Doc. # 11). On July 1, 2013, Rekal filed an Amended Complaint against PGT containing a claim for breach of contract, among other claims. (Doc. # 29). Rekal mentioned the document upon which it predicated its breach of contract claim, but did

-1-

not attach it to the Amended Complaint. Thereafter, on July 23, 2013, with leave of Court, Rekal filed a Second Amended Complaint (Doc. # 40) containing the following counts: breach of contract (Count I), promissory estoppel (Count II), declaratory judgment (Count III), and tortious interference with a business relationship (Count IV).[1] Rekal attached numerous exhibits to the Second Amended Complaint, including "Domestic Terms and Conditions of Sale." (Doc. # 40-2).

In response to the Second Amended Complaint, PGT filed a Rule 12(b)(6) Motion to Dismiss on August 6, 2013. (Doc. # 42).[2] PGT also filed a Motion for Rule 11 Sanctions on August 19, 2013. (Doc. # 51). In the Motion for Sanctions, PGT asserts that Rekal's claim for breach of contract is patently frivolous. PGT also raises the argument that Rekal improperly failed to attach the Terms and Conditions document to the Amended Complaint. However, because Rekal filed its Second Amended Complaint, which attaches the

---

[1] The Second Amended Complaint also contained a count for reverse domain hijacking (Count V); however, Rekal voluntarily withdrew that claim. (Doc. ## 65, 66).

[2] On September 30, 2013, the Court granted in part and denied in part PGT's Motion to Dismiss. Among other things, the Court dismissed Count I, for breach of contract, without prejudice and with leave to amend. (Doc. # 69).

Terms and Conditions document as an exhibit, PGT's argument is now moot.[3]

## II. Legal Standard

By presenting to the Court a pleading, written motion, or other paper, an attorney certifies to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the legal contentions are warranted by existing law or by a nonfrivolous argument for extending or modifying existing law, or for establishing new law, and that the factual contentions have evidentiary support (or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery). See Fed. R. Civ. P. 11(b)(2-3); see also Lee v. Mid-State Land & Timber Co., Inc., 285 F. App'x 601, 608 (11th Cir. 2008).

Sanctions are appropriate pursuant to Rule 11 "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is

---

[3] PGT served Rekal with a copy of its Rule 11 Motion accompanied by a letter raising its concerns regarding the Terms and Conditions and Rekal's breach of contract claim on July 15, 2013. (Doc. # 51-2). PGT waited to file the Rule 11 Motion until August 19, 2013. Accordingly, the Court finds that PGT complied with Rule 11's twenty-one day safe harbor provision.

based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996) (internal quotation and citation omitted). "Sanctions may be imposed on the attorney, law firm, or party if Rule 11 is violated, the offending party is provided with an opportunity to withdraw the objectionable pleading and fails to do so, and a motion for sanctions is filed with the court." Lee, 285 F. App'x at 608 (citing Fed. R. Civ. P. 11(c)(1-2)).

A court generally conducts a two-part inquiry when considering a motion for sanctions: (1) whether the party's claims are objectively frivolous in view of the facts or law, and, if so, (2) whether the person who signed the pleadings should have been aware that they were frivolous. See Worldwide Primates, 87 F.3d at 1254. Even if counsel had a good faith belief that the claims were sound, sanctions must be imposed if counsel failed to make a reasonable inquiry. Id.

**III. Analysis**

PGT alleges that Rekal violated Rule 11 by asserting a claim "based on contractual rights that [it] clearly did not have." (Doc. # 51 at 5). Although the Court has, at this juncture, dismissed Rekal's breach of contract claim without prejudice, the Court, nevertheless, determines that the imposition of Rule 11 sanctions is not warranted.

Although sanctions are warranted when a claimant exhibits a "deliberate indifference to obvious facts," sanctions are not warranted when the party's claim is "merely weak." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998). Here, the Court determined that Rekal's claim for breach of contract, as pled in the Second Amended Complaint, was subject to dismissal under Rule 12(b)(6). However, the claim was not objectively frivolous. Accordingly, the Court denies PGT's request for the imposition of Rule 11 sanctions.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

PGT Industries, Inc.'s Rule 11 Motion for Sanctions (Doc. # 51) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 30th day of September, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record