UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

REKAL COMPANY, INC.,

       Plaintiff,
v.                            Case No. 8:13-cv-1433-T-33TGW

PGT INDUSTRIES, INC.,

       Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant PGT Industries, Inc.'s Motion to Dismiss.[1] (Doc. # 86). For the reasons that follow, the Court denies the Motion.

**I. Background**

Rekal filed this action against PGT on May 24, 2013, (Doc. # 1), "alleging various claims related to the parties' former business relationship, whereby Rekal was an authorized distributor and installer of PGT's 'Eze-Breeze' line of window, door, and patio and garage enclosure products." (Doc. # 86 at ¶ 1).

---

[1] The Motion is titled, in full: "Dispositive Motion to Dismiss Plaintiff's Third Amended Complaint with Prejudice and/or to Impose Alternative Sanctions."

The immediate impetus for the instant Motion is Rekal's Reply to PGT's Memorandum of Law,[2] (Doc. # 85), which PGT asserts Rekal filed without leave of the Court on November 25, 2013, in violation of Rule 3.01(c) of the Local Rules for the Middle District of Florida. (Doc. # 86 at ¶¶ 5-6). PGT's Motion also alleges various other violations of the Federal and Local Rules of procedure by Rekal's counsel throughout the life of the case, such as errors in service, untimely filing, frivolous allegations and misleading arguments. (Id. at ¶¶ 6-22). PGT filed the instant motion on December 2, 2013, requesting that the action be dismissed under Federal Rule of Civil Procedure 41(b), or in the alternative, that the Court award attorneys' fees to PGT. (Id. at 13).

## II. Discussion

Dismissal under Rule 41(b) is a harsh sanction, one that should be left as a last resort. It should only be granted "in the face of a clear record of delay or contumacious conduct by the plaintiff." McKelvey v. AT & T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986) (internal quotations

---

[2] The Reply is titled, in full: "Rekal's Reply to Defendant's Response to Plaintiff's Opposed Motion to Hold Case Management Report in Abeyance and for Transfer of Venue Back to the United States District Court for the Middle District of Florida."

omitted). This sanction is only proper where lesser sanctions will not suffice. Id.  In lieu of or in addition to dismissal, the Court possesses the inherent power to sanction litigants and their attorneys for willful disobedience of its orders, or for conduct that is in bad faith or delays or disrupts the litigation. Chambers v. NASCO, Inc., 501 U.S. 32, 44-46 (1991). Although the Court agrees that Rekal has made some procedural missteps during the pendency of the case, the Court does not view Rekal's conduct as calculated toward delay or disruption, or as willful disobedience of the Court's orders.  As such, neither involuntary dismissal under Rule 41(b) nor an award of attorneys' fees would be proper at this juncture.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

PGT's Motion to Dismiss (Doc. # 86) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 6th day of December, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record